Filed 6/23/15  P. v. Ruiz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041121 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 211995) |
| v. | |
| MARVIN RICARDO RUIZ, | |
| Defendant and Appellant. | |

Defendant Marvin Ricardo Ruiz appeals from the trial court's denial of his petition for a certificate of rehabilitation.  On appeal, defendant contends that the denial of the petition violated his right to equal protection of the law.  As set forth below, we will affirm.

### BACKGROUND

In 1997, defendant pleaded guilty to two counts of lewd and lascivious conduct with a child under the age of 14, in violation of Penal Code section 288, subdivision (a).[1] On December 13, 2013, defendant filed a petition for a certificate of rehabilitation pursuant to section 4852.01.  The trial court denied defendant's petition on April 14, 2014.  In denying the petition, the trial court explained that section 4852.01, subdivision (d) "declares that those defendants convicted of Penal Code section 288(a)

---

[1] Subsequent unspecified statutory references are to the Penal Code.

are ineligible for certificates of rehabilitation," and it rejected the contention that section 4852.01, subdivision (d) violated defendant's right to equal protection of the law.

## DISCUSSION

Defendant asserts that we must reverse the judgment because he was denied equal protection of the law. Specifically, he argues that section 4852.01, subdivision (d) violates equal protection principles because it "absolutely denies the right to petition for a certificate of rehabilitation [to] persons convicted of violating section 288" while "those convicted of a violation of another similar but more serious sex offense—section 288.7— can seek a certificate of rehabilitation." The Attorney General contends that defendant's claim fails because the Legislature recently amended section 4852.01 "to specifically exclude [section] 288.7 offenders from being eligible to apply for a certificate of rehabilitation." Defendant has not filed a reply brief and therefore has not raised any arguments to counter the Attorney General's position.

Section 4852.01 permits individuals convicted of crimes to petition for certificates of rehabilitation. Subdivision (d) of section 4852.01, however, specifically excludes certain classes of offenders from petitioning for certificates of rehabilitation.

When the trial court denied defendant's petition for a certificate of rehabilitation, section 4852.01, subdivision (d) provided: "This chapter shall not apply to persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, or persons in the military service." (Stats. 1997, Ch. 61, § 2, p. 407.)

The current version of section 4852.01, subdivision (d) provides: "This chapter shall not apply to persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of Section 269, subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, *Section 288.7*, or subdivision

2

(j) of Section 289, or persons in military service." (Stats. 2014, Ch. 280, § 3, p. 2569, italics added.)

"The equal protection clause requires the law to treat those similarly situated equally unless disparate treatment is justified." (*Griffiths v. Superior Court* (2002) 96 Cal.App.4th 757, 775.) "The first prerequisite to a meritorious claim under the equal protection clause is a showing the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 53.)

Under the current version of section 4852.01, subdivision (d), section 288 offenders and section 288.7 offenders are treated equally—both classes of offenders are prohibited from seeking certificates of rehabilitation. In light of the amendment to section 4852.01, subdivision (d), defendant has not established the requisite unequal treatment for an equal protection violation. Defendant's equal protection challenge is mooted by the amendment to section 4852.01, subdivision (d), and we therefore must affirm the judgment below. (See *Kremens v. Bartley* (1977) 431 U.S. 119, 128-129 [a claim is moot if there is no live case or controversy, and in determining mootness a reviewing court will "apply the law as it is now, not as it stood below"].)

## DISPOSITION

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
MÁRQUEZ, J.

_____
GROVER, J.

4